11-3485-cv
Yeshiva Imrei Chaim Viznitz v. City of New York, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand twelve.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
            SUSAN L. CARNEY,
                          <u>Circuit Judge</u>,
            JOHN GLEESON,
                          <u>District Judge</u>.<sup>*</sup>

- - - - - - - - - - - - - - - - - - - - -X
YESHIVA IMREI CHAIM VIZNITZ OF BORO
PARK, INC.,
        <u>Plaintiff-Appellant</u>,

        -v.-                                          11-3485-cv

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF BUILDINGS, NEW YORK CITY
BOARD OF STANDARDS & APPEALS, FIRE
DEPARTMENT OF NEW YORK, PATRICIA J.

---

<sup>*</sup> The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

1

LANCASTER, in her official capacity as former DOB Commissioner, MEENAKSHI SRINIVASAN, in her official capacity as BSA Chairperson, ROBERT LIMANDRI, in his official capacity as DOB Commissioner, JOHN DOES 1-10, JANE DOES 1-10,
                **Defendants-Appellees.**
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                Stuart A. Klein, Law Offices of Stuart A. Klein, New York, NY.

**FOR APPELLEES:**                Michael A. Cardozo (Edward F.X. Hart, Drake A. Colley, <u>on the brief</u>), Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Yeshiva Imrei Chaim Viznitz of Boro Park, Inc. ("Yeshiva") alleges that it is suffering discriminatory treatment at the hands of the City of New York, et al., (collectively, the "City") regarding operation of a catering establishment in its residentially-zoned building at 1824 53rd Street (the "Building"). It appeals from the July 27, 2011 opinion and order of the United States District Court for the Southern District of New York (Baer, <u>J.</u>) granting the City's motion for summary judgment on all claims. This Court reviews the district court's grant of summary judgment <u>de novo</u>. <u>In re "Agent Orange" Prod. Liab. Litig.</u>, 517 F.3d 76, 87 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court determined that the claims were barred by collateral estoppel. State law determines the preclusive effect of state court judgments. <u>Marvel Characters, Inc. v. Simon</u>, 310 F.3d 280, 286 (2d Cir. 2002). "Under New York law, collateral estoppel bars relitigation

2

of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." In re Hyman, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted).

The district court properly concluded that all five of Yeshiva's federal claims were precluded by prior state court judgments. Yeshiva had *two* full and fair opportunities to litigate its grievances: at the initial Article 78 proceeding, and then again through its motion for a renewal. Yeshiva's arguments on appeal are based on the idea that the issues before the district court were different than the ones addressed by the state courts.

First, Yeshiva argues that it now conducts its wedding ceremonies in a location different from the one it used at the time of the Article 78 proceedings. Specifically, Yeshiva moved the ceremonies from the street in front of the Building to "that portion of the roof of the first floor that is formed because the second floor is set back." Yeshiva argues that this adjustment raises a new legal question because the location of the weddings was a factor in the Department of Building's ("DOB's") accessory use analysis. However, this shift is a distinction without a difference, at least insofar as the collateral estoppel analysis is concerned. The weddings still take place "outside" the synagogue, which was the critical factor for the Board of Standards and Appeals. Yeshiva's misconstruction of the City's inquiry fails to raise a new legal issue that was not previously decided by the state court.

Second, Yeshiva claims that it suffered new incidents of discrimination after the conclusion of the Article 78 litigation. The only *new* evidence consists of three violations it received from the DOB and Fire Department of New York. But Yeshiva does not show how the issues regarding this later alleged discrimination are distinguished from those previously considered by the state court. All of the evidence that Yeshiva proffers regarding similarly situated institutions was reviewed during the state court proceedings.

Yeshiva cites Davis v. Halpern for the idea that "a continuing course of conduct, if true, *often* creates a new

and separate claim, not barred by the decision in a single prior suit." 813 F.2d 37, 40 n.4 (2d Cir. 1987) (emphasis added). Yeshiva misconstrues <u>Davis</u>. Collateral estoppel may well be appropriate even if certain facts have changed. <u>See, e.g.</u>, <u>N.L.R.B. v. United Techs. Corp.</u>, 706 F.2d 1254, 1259-61 (2d Cir. 1983) (applying collateral estoppel, even though some new developments had occurred and res judicata was foreclosed). <u>Davis</u> says "often," not "always." Absent a meaningful, substantive change that alters the legal issue at hand, collateral estoppel operates. Otherwise, losing state plaintiffs with *any* claim of ongoing discrimination could simply wait a few days and relitigate in federal court. All Yeshiva points to now are some legally irrelevant factual developments that occurred after the state court decisions.

We agree with the district court that the state court necessarily decided the issues of whether the catering hall was an accessory use and whether the City had discriminated against Yeshiva in ruling that its zoning decisions were neither arbitrary nor capricious. Yeshiva was given a full and fair opportunity to litigate those issues. Collateral estoppel was therefore appropriate.

Finally, while the district court's discussion of the <u>Rooker</u>-<u>Feldman</u> doctrine might be questioned in the wake of the Supreme Court's limiting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp</u>. decision, 544 U.S. 280, 284 (2005), we need not sort that out because it had no bearing on the outcome of the case.

Finding no merit in Yeshiva's remaining arguments, we hereby **AFFIRM** the judgment of the district court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4